UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

In re:                                                                    Case No.  13-15226-RBR

THOMAS E. CONLAN,                                           Chapter 7

        Debtor.
_____/

**TRUSTEE'S MOTION FOR APPROVAL OF SALE OF
CERTAIN STOCK IN SKY LIMO CORP.**

**(Sale Hearing Requested on or before June 14, 2013)[1]**

        Kenneth A. Welt, Chapter 7 Trustee (the "Trustee") for the Estate of Thomas Conlan, ("Conlan" or "Debtor"), by and through undersigned counsel and pursuant to 11 U.S.C. §§ 363(b) and 105(a), seeks approval for the sale of stock in Sky Limo Corp., and in support thereof states as follows:

**BACKGROUND**

**General Background**

        1.      The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157(b) and 1334.  Venue is proper in this district pursuant to 28 U.S.C §§ 1408 and 1409.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).  The predicates for the relief requested herein are 11 U.S.C. §§ 363(b) and 105(a).

        2.      On March 7, 2013 (the "Petition Date"), Conlan filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code (the "Chapter 7 Case").

        3.      Kenneth A. Welt was appointed Chapter 7 Trustee for Conlan's estate and has all of the duties and powers of a trustee pursuant to section 704 of the Bankruptcy Code.

---

[1] The Trustee is also seeking to shorten the 20-day notice period for the sale hearing under Fed. R. Bankr. P. 2002(a)(2) and 9006(c) so that such hearing may be held on or before June 14, 2013.

**Sale Agreement for Sky Limo Stock**

4. The Estate holds stock in Sky Limo Corp. equivalent to a 50% interest in the same (the "Stock").

5. The Trustee has received two offers for the Stock and has also been contacted by another party expressing interest in acquiring such Stock.

6. The Trustee believes that a sale of the Stock, subject to Court approval, is in the best interests of the estate as it will reduce shares of a closely-held corporation to cash for the benefit of the estate's creditors. Under any proposed sale, the Stock will be sold to a buyer subject to any existing liens, claims and encumbrances. The proposed sale transaction is subject to higher and better offers; if any qualified competing offers for the Stock are submitted to the Trustee, the Court may conduct, or order the Trustee to conduct, an auction at the sale hearing. The Trustee may determine, in his sole and absolute discretion, whether any particular competing offer qualifies for consideration, based upon, among other factors, the price offered, ability to close, and any conditions presented.

**RELIEF REQUESTED**

7. The Trustee seeks approval of the proposed sale and procedures pursuant to 11 U.S.C. §§ 363 and 105(a), and Federal Rule of Bankruptcy Procedure 6004(g).

8. As three informal offers have already been made for the Stock, the Trustee submits that no formal auction is necessary. Accordingly, the Trustee submits that service of the motion on all creditors, interested parties, and bidders is sufficient to secure the highest and best offer. The Trustee requests that any party which seeks to buy the Stock submit a bid, no later than 24 hours prior to the Sale Hearing, and that the property be sold to the highest and best bidder at the sale hearing.

9. Section 363(b) of the Bankruptcy Code provides that a trustee or debtor-in-possession, "after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). Section 105(a) of the Bankruptcy Code provides that "the Court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

10. For a transaction to be approved under section 363(b), it must reflect a reasonable exercise of the Trustee's business judgment. *See, e.g., In re Martin*, 91 F. 3d 389, 395 (3d Cir. 1996) (citing *In re Schipper*, 993, F.2d 513, 515 (7th Cir. 1991)); *In re Continental Airlines, Inc.*, 780 F.2d 1223, 1226 (5th Cir. 1986); *In re Big Shanty Land Corp.*, 61 B.R. 272, 278 (N.D. Ga. 1985) ("[A] debtor seeking approval for [a section 363(b)] sale bears the burden of articulating a sound business justification[.]"); *In re St. Petersburg Hotel Assoc.*, 37 B.R. 341, 343 (Bankr. M.D. Fla. 1983) ("Bankruptcy Code § 363 . . . impliedly requires the Court to find that it is good business judgment for the Debtor to enter into the [transaction.]").

11. The Trustee believes that the disposition of the Stock is in the best interest of the estate and creditors and reflect a sound exercise of his business judgment since they will result in substantial revenue to the estate for the sale of otherwise not readily marketable securities.

12. The Trustee requests that the Court waive the 10-day stay applicable to any order approving a sale, pursuant to Federal Rule of Bankruptcy Procedure 6004(g), so that the parties may close the transactions contemplated thereunder immediately upon entry of such order.

13. The Trustee further requests a finding that the successful purchaser is a good faith purchaser of the Stock, under 11 U.S.C. § 363(m), entitled to the protections thereunder and other applicable provisions of section 363. The Trustee would submit that any accepted bidder

and successful purchaser would be prepared to testify as to any facts necessary to support such a finding at the sale hearing.

## CONCLUSION

14. For all the foregoing reasons, the Court should approve the proposed sale and transactions contemplated thereunder as a sound and reasonable exercise of the Trustee's business judgment under 11 U.S.C. §§ 363(b) and 105(a).

WHEREFORE, the Trustee respectfully requests that the Court enter an order approving the proposed sale (and/or auction), shortening the 20-day notice period for the sale hearing under Fed. R. Bankr. P. 2002(a)(2) and 9006(c) so that such hearing may be held on or before June 14, 2013, and granting such other and further relief that the Court deems just and proper.

Respectfully submitted,

**MARSHALL GRANT, P.L.**
Attorneys for the Trustee
197 South Federal Highway, Suite 300
Boca Raton, Florida  33432
Telephone No. 561.672.7580
Facsimile No. 561.672.7581
Email:  amarshall@marshallgrant.com

By:   /s/ Adam D. Marshall
      ADAM D. MARSHALL
      Florida Bar No. 579823

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 30th day of May, 2013, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served today on the parties listed below, in the manner indicated.

                                       /s/ Adam D. Marshall  
                                       ADAM D. MARSHALL

**SERVED BY CM/ECF**

Atlas Acquisitions  
bk@atlasacq.com

Jay M Gamberg, Esq on behalf of Debtor Thomas E. Conlan  
Lbernstein@gamberglaw.com

Adam D. Marshall, Esq. on behalf of Trustee Kenneth A Welt  
AMarshall@MarshallGrant.com, efile@marshallgrant.com

Office of the US Trustee  
USTPRegion21.MM.ECF@usdoj.gov

Lawrence E Pecan on behalf of Trustee Kenneth A Welt  
lpecan@marshallgrant.com, efile@marshallgrant.com

Joel L Tabas, Esq on behalf of Creditor Yossifon Business Trust  
jtabas@tabasfreedman.com,  
janet@tabasfreedman.com;francis@tabasfreedman.com;kborrego@tabasfreedman.com

Billie Tarnove on behalf of Creditor Salvatore Mule  
tarnoveb@comcast.net

Kenneth A Welt  
court@trusteeservices.biz, fl10@ecfcbis.com;pacerfilings@gmail.com

**SERVED BY US MAIL**

| | | |
|---|---|---|
| Label Matrix for local noticing<br>113C-0<br>Case 13-15226-RBR<br>Southern District of Florida<br>Fort Lauderdale<br>Thu May 30 17:37:03 EDT 2013 | Atlas Acquisitions<br>294 Union St<br>Hackensack, NJ 07601-4303 | Yossifon Business Trust<br>c/o Joel Tabas<br>Tabas, Freedman, Soloff, Brown & Rigali<br>14 NE 1st Avenue, PH<br>Miami, FL 33132-2547 |
| Ben Price<br>7519 Pennsylvania Ave.,#102<br>Sarasota, FL 34243-5015 | Broward County Tax Collector<br>Governmental Center, Room 218<br>115 South Andrews Ave.<br>Ft. Lauderdale, FL 33301-1818 | (p)CAPITAL ONE<br>PO BOX 30285<br>SALT LAKE CITY UT 84130-0285 |
| David Jay<br>POB 1357<br>Rocky Mount, NC 27802-1357 | First National Collect<br>610 Waltham Way<br>Mccarran, NV 89434-6695 | Florida Dept. of Revenue<br>Bankruptcy Section<br>POB 6668<br>Tallahassee, FL 32314-6668 |
| Good Investments LLC<br>POB 54139<br>Merritt Island, FL 32953 | (p)INTERNAL REVENUE SERVICE<br>CENTRALIZED INSOLVENCY OPERATIONS<br>PO BOX 7346<br>PHILADELPHIA PA 19101-7346 | Lvnv Funding Llc<br>Po Box 740281<br>Houston, TX 77274-0281 |
| Mb Fin Svcs<br>36455 Corporate Dr<br>Farmington Hills, MI 48331-3552 | Mrs. Edward T. Conlan<br>431 Selkirk Dr.<br>Winter Park, FL 32792-4618 | National Recovery Agen<br>2491 Paxton St<br>Harrisburg, PA 17111-1036 |
| Nco Fin/99<br>Po Box 15636<br>Wilmington, DE 19850-5636 | Nrs/Receivia<br>Po Box 8005<br>Cleveland, TN 37320-8005 | Office of the US Trustee<br>51 S.W. 1st Ave.<br>Suite 1204<br>Miami, FL 33130-1614 |
| Paradise Charters<br>140 Leoni Drive<br>Islamorada, FL 33036-3316 | Peter O'Connell<br>2001 Marina Drive<br>#804<br>Quincy, MA 02171-1544 | Philip H. Trees,Trustee of Yossifon Trus<br>c/o J. Mason Williams IV, Esq.<br>Zies, Widerman Malek<br>1990 West New Haven Avenue, #201<br>Melbourne, FL 32904-3923 |
| (p)PORTFOLIO RECOVERY ASSOCIATES LLC<br>PO BOX 41067<br>NORFOLK VA 23541-1067 | Salvo Mule<br>209 North Atlantic Blvd.<br>Bldg. 15A<br>Fort Lauderdale, FL 33304-4364 | Sky Limo Corp.<br>5302 NW 21st Terr.<br>Ft. Lauderdale, FL 33309-2721 |
| TCA Global Credit Master Fund<br>1404 Rodman Street<br>Hollywood, FL 33020-6436 | Adam D. Marshall Esq.<br>197 S Federal Hwy # 300<br>Boca Raton, FL 33432-4946 | Ben E Price<br>7519 Pennsylvania Avenue, #102<br>Sarasota, FL 34243-5015 |
| Jay M Gamberg Esq<br>4000 Hollywood Blvd #350N<br>Hollywood, FL 33021-6789 | Kenneth A Welt<br>www.trusteewelt.com<br>1844 N Nob Hill Rd #615<br>Plantation, FL 33322-6548 | Michael A. Borkowski<br>190 SE 19th Ave<br>Pompano Beach, FL 33060-7541 |

```
Salvatore Mule                          Thomas E. Conlan
209 North Atlantic Blvd.                3030 NE 41st Street
Bldg. 15A                               Fort Lauderdale, FL 33308-5802
Fort Lauderdale, FL 33304-4364
```

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

```
Cap One                                 Internal Revenue Service           (d)Internal Revenue Service
Po Box 85520                            Mr. E. Davis                       c/o District Counsel
Richmond, VA 23285                      7850 SW 6 Street                   51 S.W. First Avenue
                                        STOP 5180                          15th Floor Federal Bldg.
                                        Plantation, FL 33324               Miami, FL 33130

Portfolio Recovery Assoc.
POB 12914
Norfolk, VA 23541
```

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

```
(d)Atlas Acquisitions                   (d)Atlas Acquisitions LLC          End of Label Matrix
294 Union St.                           294 Union St.                      Mailable recipients    31
Hackensack, NJ 07601-4303               Hackensack, NJ 07601-4303          Bypassed recipients     2
                                                                           Total                  33
```