## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
### www.flsb.uscourts.gov

In re:

THOMAS E. CONLAN                    Case No. 13-15226-RBR

                                    Chapter 7

      Debtor.
_____/

### TRUSTEE'S MOTION FOR APPROVAL OF
### SETTLEMENT AGREEMENT AMONG TRUSTEE,
### TCA GLOBAL MASTER FUND LP
### JOANNE PAIGE CONLAN AND THOMAS E. CONLAN

**Any interested party who fails to file and serve a written response to this motion within 21 days after the date of service stated in this motion shall, pursuant to Local Rule 9013-1(D), be deemed to have consented to the entry of an order in the form attached to this motion.  Any scheduled hearing may then be canceled.**

Kenneth A. Welt, chapter 7 trustee (the "Trustee") of the estate of Thomas E. Conlan (the "Debtor"), by and through undersigned counsel and pursuant to Federal Rule of Bankruptcy Procedure 9019 and Local Rule 9013-1(D), moves for entry of an order approving the parties' settlement agreement and, in support thereof, states as follows:

### Background

1.      On or about March 7, 2013 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code.

2.      Kenneth A. Welt was appointed and continues to serve as chapter 7 trustee for the Debtor's bankruptcy estate.

3.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157(b) and 1134. Venue is proper in this district pursuant to 28 U.S.C §§ 1408 and 1409. This matter is a

core proceeding pursuant to 28 U.S.C. § 157(b).  The predicate for the relief requested herein is Federal Rule of Bankruptcy Procedure 9019.

### Trustee's Claims Against Joanne Paige Conlan and Thomas E. Conlan and Parties' Settlement Agreement

4.      Through the information and documents produced by the Debtor during and after the §341 meeting, the Trustee discovered certain actionable claims against the Debtor and Joanne Paige Conlan ("Mrs. Conlan"), may have arisen from a pre-petition transfer by the Debtor to Mrs. Conlan of a 50% interest in the Debtor's business, Sky Limo Corp.

5.      Additionally, the Debtor has certain non-exempt property, including, but not limited to, his interest in Sky Limo Corp.

6.      In April 2013, the Trustee asserted such claims against the Debtor and Mrs. Conlan and, subsequent thereto, the Trustee, the Debtor and Mrs. Conlan (collectively, the "Parties") engaged in arms' length settlement discussions.

7.      While the Trustee asserted his interest in Mr. Conlan's shares in Sky Limo, as well as the shares transferred to Mrs. Conlan, the Debtor and Mrs. Conlan insisted that Mrs. Conlan's shares were issued for valid consideration and, in any event, that the shares were fully encumbered pursuant to a pre-petition pledge agreement. Given the secured and tax liabilities, they asserted that neither the shares owned by the Debtor prepetition, nor those owned by Mrs. Conlan[1], would have any liquidation value to the Estate. As such, the Debtor and Mrs. Conlan disputed the value of the non-exempt assets, and thus what portion of the assets was exempt.

8.      The Trustee retained Michael Borkowski, CPA, who investigated and confirmed that the shares were subject to a significant Stockholder's deficit, as well as being pledged and 100% secured to the Company's senior secured lender, TCA Global Master Fund LP ("TCA

---

[1] Irrespective of the avoidability of the transfer of such shares

Global"). Borkowski confirmed that the company's assets are also 100% pledged to the senior secured lender for $1,200,000.00, and that the Debtor's Bankruptcy is a material default of the company's loan to TCA Global. Without a speedy resolution to the bankruptcy, the lender would foreclose on the company's assets, thus rendering the stock worthless.

9.      Furthermore, TCA Global has a statutory right to credit bid at the sale of its collateral, such that the sale of the shares[2] would yield no value to the Estate.

10.     As such, to settle the dispute among the parties, the salient terms of the Settlement Agreement are as follows:[3]

        a.      Upon entry of a final order approving the Settlement Agreement, Mrs. Conlan shall pay the total amount of $15,000 to the Trustee (the "Trustee Settlement Payment") and $5,000.00 to TCA Global, in full settlement and satisfaction of all claims held by the Trustee against Mrs. Conlan and/or the Debtor, and as a settlement as to the dispute over the value of the Debtor's non-exempt shares in SkyLimo Corp. and choses in action.

        b.      Additionally, Mrs. Conlan shall convey her interest in SkyLimo Corp. to the Debtor, who shall deliver possession of those shares to TCA Global, to be held in escrow pursuant to the terms of the pledge agreement and guaranty.

        c.      Upon entry of a final order approving the Settlement Agreement, and upon the completion of the transactions contemplated by the Settlement Agreement, the parties mutual release of claims related to the abandonment of the shares in Sky Limo shall be effective.

---

[2] Including any shares owned by Mrs. Conlan, for which the Trustee could avoid the transfer

[3] The Court and interested parties are directed to the Settlement Agreement itself (attached hereto as Ex. A) for the complete terms of the Parties' settlement. To the extent of any inconsistency between the summary description contained herein and the Settlement Agreement, the terms of the Settlement Agreement shall control.

## RELIEF REQUESTED

11.     By this Motion, the Trustee respectfully requests that the Court enter an order, pursuant to Bankruptcy Rule 9019, approving the Settlement Agreement and authorizing the transactions contemplated thereunder.

12.     Bankruptcy Rule 9019 provides, in relevant part, that: "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement."  Settlements and compromises are "a normal part of the process of reorganization."  *Protective Comm. for Indep.  Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S.  414, 428 (1968).  "Settlements are favored in bankruptcy because they serve to minimize litigation, provide a means for efficient resolution of disputes, and help to expedite the administration of the bankruptcy estate." *In re Genesis Health Ventures*, 266 B.R. 591, 619 (Bankr. D. Del. 2001); *see also Myers v. Martin (In re Martin)*, 91 F.3d 389, 393 (3d Cir. 1996).

13.     Approval of a settlement in bankruptcy proceedings is within the sound discretion of the Court, and will not be disturbed or modified on appeal unless approval or disapproval is an abuse of discretion. *In re Arrow, Inc.*, 85 B.R. 886, 891 (Bankr. S.D. Fla. 1988).  The test is whether the proposed settlement "falls below the lowest point in the range of reasonableness." *Id.* at 891.

14.     The Trustee believes that the settlement is reasonable and in the best interests of the estate, and will resolve all disputes among the Parties while avoiding delay and costly litigation with respect thereto.

15.     For all the foregoing reasons, the Trustee believes that good cause exists for approval of the Settlement Agreement.

WHEREFORE, the Trustee respectfully requests that the Court enter an Order, substantially in the form attached hereto as **Exhibit B**, approving the proposed settlement and Settlement Agreement, authorizing transactions contemplated thereunder, and granting such other and further relief as the Court deems just and proper.

Respectfully submitted,

**MARSHALL GRANT, P.L.**
Attorneys for the Trustee
197 South Federal Highway, Suite 300
Boca Raton, Florida  33432
Telephone No. 561.672.7580
Facsimile No. 561.672.7581
Email:  efile@marshallgrant.com

By:   /s/ Lawrence E. Pecan
           LAWRENCE E. PECAN
           Florida Bar No. 99086

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on this 17th day of June, 2013, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served today on the parties listed below, in the manner indicated

/s/ Lawrence E. Pecan
LAWRENCE E. PECAN

**<u>SERVED BY CM/ECF</u>**

Atlas Acquisitions
bk@atlasacq.com

Eyal Berger, Esq. on behalf of Creditor TCA Global Credit Master Fund, LP
eyal.berger@akerman.com, jeanette.martinez@akerman.com

Jay M Gamberg, Esq on behalf of Debtor Thomas E. Conlan
Lbernstein@gamberglaw.com

Joe M. Grant, Esq. on behalf of Debtor Thomas E. Conlan
jgrant@marshallgrant.com, efile@marshallgrant.com;mg197ecfbox@gmail.com

Adam D. Marshall, Esq. on behalf of Debtor Thomas E. Conlan
AMarshall@MarshallGrant.com, efile@marshallgrant.com;mg197ecfbox@gmail.com

Adam D. Marshall, Esq. on behalf of Trustee Kenneth A Welt
AMarshall@MarshallGrant.com, efile@marshallgrant.com;mg197ecfbox@gmail.com

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

Lawrence E Pecan on behalf of Trustee Kenneth A Welt
lpecan@marshallgrant.com, efile@marshallgrant.com;mg197ecfbox@gmail.com

Christian Somodevilla on behalf of Creditor Yossifon Business Trust
csomodevilla@tabasfreedman.com, igarcia@tabasfreedman.com

Joel L Tabas, Esq on behalf of Creditor Yossifon Business Trust
jtabas@tabasfreedman.com,
janet@tabasfreedman.com;francis@tabasfreedman.com;kborrego@tabasfreedman.com

Billie Tarnove on behalf of Creditor Salvatore Mule
tarnoveb@comcast.net

Kenneth A Welt
court@trusteeservices.biz, fl10@ecfcbis.com;pacerfilings@gmail.com

SERVED BY US MAIL

- Ben Price  7519 Pennsylvania Ave.,#102 Sarasota, FL 34243-5015

- Broward County Tax Collector  Governmental Center, Room 218 115 South Andrews Ave. Ft. Lauderdale, FL 33301-1818

- CAPITAL ONE PO BOX 30285 SALT LAKE CITY UT 84130-0285    preferred

- David Jay  POB 1357 Rocky Mount, NC 27802-1357

- First National Collect  610 Waltham Way Mccarran, NV 89434-6695

- Florida Dept. of Revenue  Bankruptcy Section POB 6668 Tallahassee, FL 32314-6668

- Good Investments LLC  POB 54139 Merritt Island, FL 32953

- INTERNAL REVENUE SERVICE CENTRALIZED INSOLVENCY OPERATIONS PO BOX 7346 PHILADELPHIA PA 19101-7346    preferred

- INTERNAL REVENUE SERVICE CENTRALIZED INSOLVENCY OPERATIONS PO BOX 7346 PHILADELPHIA PA 19101-7346    preferred duplicate

- Lvnv Funding Llc  Po Box 740281 Houston, TX 77274-0281

- Mb Fin Svcs  36455 Corporate Dr Farmington Hills, MI 48331-3552

- Mrs. Edward T. Conlan  431 Selkirk Dr. Winter Park, FL 32792-4618

- National Recovery Agen  2491 Paxton St Harrisburg, PA 17111-1036

- Nco Fin/99  Po Box 15636 Wilmington, DE 19850-5636

- Nrs/Receivia  Po Box 8005 Cleveland, TN 37320-8005

- Paradise Charters  140 Leoni Drive Islamorada, FL 33036-3316

- Peter O'Connell  2001 Marina Drive #804 Quincy, MA 02171-1544

- PORTFOLIO RECOVERY ASSOCIATES LLC PO BOX 41067 NORFOLK VA 23541-1067

- Salvo Mule  209 North Atlantic Blvd. Bldg. 15A Fort Lauderdale, FL 33304-4364

- Sky Limo Corp.  5302 NW 21st Terr. Ft. Lauderdale, FL 33309-2721

- Ben E Price  7519 Pennsylvania Avenue, #102 Sarasota, FL 34243-5015

- Michael A. Borkowski  190 SE 19th Ave Pompano Beach, FL 33060-7541