UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

In re:

THOMAS E. CONLAN                    Case No. 13-15226-RBR

Chapter 7

Debtor.
_____/

## SETTLEMENT AGREEMENT

THIS SETTLEMENT AGREEMENT (the "Agreement") is executed this _13_ day of _JUNE_, 20_13_, by and between Kenneth Welt, as Trustee of the Bankruptcy Estate of Thomas E. Conlan (the "Trustee"), TCA Global Credit Master Fund LP ("TCA"), Joanne Paige Conlan and Thomas E. Conlan (the "Debtor") (each a "Party," and collectively, the "Parties"). The Parties recite as follows:

## RECITALS

WHEREAS, on March 7, 2013, Thomas E. Conlan (the "Debtor") filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code;

WHEREAS, on June 7, 2013, TCA filed a secured claim (Claim 2-1) (the "TCA Secured Claim") against the bankruptcy estate of Thomas E. Conlan asserting indebtedness in the amount of $824,820.09 secured by the Debtor's stock interests in Sky Limo Corporation ("Debtor's Sky Limo Stock");

WHEREAS, the TCA Secured Claim is evidenced by a Guaranty Agreement and Pledge Agreement attached to Claim 2-1;

WHEREAS, TCA is in possession of the Debtor's Sky Limo Stock and by virtue of the Pledge Agreement holds a valid and perfected security interest in the Debtor's Sky Limo Stock that is superior to all other security interests;

{26543331;2}

WHEREAS, the Trustee asserts various avoidance claims against Joanne Paige Conlan and the Debtor related to alleged transfer of stock interests in Sky Limo Corporation between the Debtor and Joanne Paige Conlan (the "Trustee Avoidance Claims");

WHEREAS, Joanne Paige Conlan is currently in possession of 50% of the stock interests in Sky Limo Corporation (the "JPC Sky Limo Stock");

WHEREAS, Joanne Paige Conlan has raised various defenses to the Trustee Avoidance Claims;

WHEREAS, the Debtor's estate has no equity in the Debtor's Sky Limo Stock Interest or the JPC Sky Limo Stock;

WHEREAS, in the interest of avoiding costly and time-consuming litigation related to the Trustee's Avoidance Claims, the Parties have agreed to the terms set forth in this Agreement;

NOW, THEREFORE, in consideration of the premises, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties hereto, intending to be legally bound, hereby agree as follows:

## AGREEMENT

1.    Recitals.    The Parties agree that the above recitations are true and correct.

2.    Settlement Payment. Upon entry of a final Order approving the Agreement that is not subject to appeal or any pending stay, Joanne Paige Conlan shall deliver: (i) a lump sum payment of $15,000.00 to the Trustee; (ii) a lump sum payment of $5,000 to TCA; and (iii) all Sky Limo Corporation stock in her possession to the Debtor.

3.    Escrow of Sky Limo Stock. Upon Debtor's receipt of the JPC Sky Limo Stock, the Debtor shall turnover to TCA the JPC Sky Limo Stock and any other stock of Sky Limo in the Debtor's possession to be held by TCA in escrow under the terms of the Pledge Agreement until such time as the Debtor and Joanne Paige Conlan satisfy all existing obligations to TCA.

4. <u>Release by the Trustee.</u> In consideration of the obligations undertaken in this Agreement, The Trustee, on behalf of Bankruptcy Estate for Thomas E. Conlan, and any and all successors, assigns, agents, and transferees (collectively, the "Trustee Releasing Parties") hereby releases and forever discharges, to the fullest extent that such parties are permitted by law, Joanne Paige Conlan and the Debtor for any liability for the transfer of Sky Limo Corporation shares by and between the Debtor and Joanne Paige Conlan which could have been brought by the Trustee against the Debtor and Joanne Paige Conlan pursuant to chapter 5 of the Bankruptcy Code.

5. <u>Allowance of TCA Secured Claim.</u> The Trustee expressly acknowledges the validity, priority, and extent of the TCA Secured Claim and waives any objections by the Debtor's estate to the allowance of the TCA Secured Claim.

6. <u>Release by Debtor.</u> In consideration of the obligations undertaken in this Agreement, Thomas E. Conlan on behalf of himself and any and all of his predecessors, successors, assigns, heirs, creditors, affiliates, agents, employees and transferees (collectively, the "Thomas E. Conlan Releasing Parties") hereby releases and forever discharges, to the fullest extent that such parties are permitted by law, the Trustee Releasing Parties and each of the other signatories hereto against any and all actions, causes of action, claims, suits, debts, damages, judgments, liabilities, and demands whatsoever, whether matured or unmatured, whether at law or equity, whether before a local, state, or federal court, state or federal administrative agency or commission, or arbitration tribunal, regardless of location and whether now known or unknown, contingent, liquidated or unliquidated, that any of the Thomas E. Conlan Releasing Parties now have or may have had, or thereafter claim to have, on behalf of itself or themselves, or any other person or entity, at any time.

{26543331;2}

7. <u>Release by Joanne Paige Conlan</u>. In consideration of the obligations undertaken in this Agreement, Joanne Paige Conlan on behalf of herself and any and all of her predecessors, successors, assigns, heirs, creditors, affiliates, agents, employees and transferees (collectively, the "Joanne Paige Conlan Releasing Parties") hereby releases and forever discharges, to the fullest extent that such parties are permitted by law, the Trustee Releasing Parties and each of the other signatories hereto against any and all actions, causes of action, claims, suits, debts, damages, judgments, liabilities, and demands whatsoever, whether matured or unmatured, whether at law or equity, whether before a local, state, or federal court, state or federal administrative agency or commission, or arbitration tribunal, regardless of location and whether now known or unknown, contingent, liquidated or unliquidated, that any of the Joanne Paige Conlan Releasing Parties now have or may have had, or thereafter claim to have, on behalf of itself or themselves, or any other person or entity, at any time.

8. <u>No Novation; Accord and Satisfaction; Modification.</u> FOR THE AVOIDANCE OF ALL DOUBT, NOTHING CONTAINED IN THIS AGREEMENT SHALL ACT AS A NOVATION, ACCORD AND SATISFACTION, MODIFICATION, DISCHARGE, OR SATISFACTION OF ANY OBLIGATION OWED BY THE DEBTOR AND JOANNE PAIGE TO TCA UNDER ANY AGREEMENT EXECUTED PRIOR TO THIS AGREEMENT.

9. <u>Abandonment of Choses of Action and Interest in SkyLimo Corp</u>. Upon receipt of the funds described in paragraph 2, the Trustee shall abandon the Estate's interest in all of Thomas E. Conlan's choses of action, and shall abandon Estate's interest in the Debtor's Sky Limo Stock.

10. <u>No Admission of Liability; Settlement</u>. Nothing contained in this Agreement shall constitute or be considered an admission of facts or liability by any party in connection with any legal proceeding other than a proceeding to enforce this Agreement. The Parties agree that: (i)

{26543331;2}

this Agreement constitutes a compromise of disputed claims and shall never be construed as an admission of liability or responsibility for any purpose by any party; and (ii) the parties to this Agreement expressly acknowledge and agree that they have accepted the consideration set forth herein as a complete compromise and settlement of matters involving disputed issues of law and/or fact, and that the aforementioned parties assume the risk that the law and/or facts may be otherwise than they believe; and that in making this settlement, the aforementioned parties further agree that they have not been influenced to any extent whatsoever by any representations or statements regarding any other matter made by any party released herein or its counsel.

11. Construction. Each party hereto represents and warrants that it has had an opportunity to fully review the provisions of this Agreement with attorneys of its own choice as a result of which the parties hereto acknowledge and agree (a) that any rule of law that provides that ambiguities are to be construed against the drafting party shall not be employed in the interpretation of this Agreement and (b) that each party signing this Agreement is entering into this Agreement knowingly, voluntarily, and of its own free will.

12. Severability. Should any provision of this Agreement or the exhibits hereto be held by any court of competent jurisdiction to be illegal, invalid or unenforceable for any reason, then the remaining portions of this Agreement will nonetheless remain in full force and effect, unless such portion of the Agreement is so material that its deletion would violate the obvious purpose of the Agreement.

13. Successors and Assigns. This Agreement shall be binding upon and shall inure to the benefit of the heirs, personal representatives, successors and assigns of the parties hereto.

14. Entire Agreement. The parties hereto acknowledge that this Agreement constitutes the entire agreement between the parties with respect to the subject matter hereof, and all prior agreements, negotiations and understandings with respect to the subject matter hereof are

{26543331;2}

superseded by this Agreement. This Agreement may not be varied in its terms by an oral agreement or representation or otherwise, except by an instrument in writing of subsequent date hereof executed by all of the parties hereto.

15. Authority. Each individual signing this Agreement on behalf of any party represents and warrants that he/she has full authority to do so, subject to the approval of the Bankruptcy Court. This agreement shall have no effect unless approved by the Bankruptcy Court.

16. Counterparts. This Agreement may be executed in one or more counterparts, each of which shall be deemed an original but all of which when taken together shall constitute one and the same agreement. Signatures may be exchanged by electronic means, including facsimile, and each of the parties agrees that it will be bound by its electronic signature, including facsimile signature, and that it accepts such signatures of the other parties.

AGREED TO AND ACCEPTED:

_____          6·17·13
Kenneth Welt, Trustee              Date

_____          6-13-13
Thomas E. Conlan                   Date

_____          6/13/13
Joanne Paige Conlan                Date

_____          6/14/13
TCA Global Credit Master Fund LP   Date

By: Robert Press

Its Group CEO


{26543331;2}